IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GILBERT APODACA,**

        **Plaintiff,**

vs.                                            **Civ. No. 05-383 LAM/LCS**

**UNITED STATES OF AMERICA,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Entry of Default against the United States of America, filed on October 6, 2005.[1] (Doc. 7.) Plaintiff seeks default judgment against the Defendant on the basis that Defendant has been served but has neither answered nor entered an appearance.

The party against whom default is entered must have been properly served with process. Pursuant to Federal Rule of Civil Procedure ("FRCP") 4(i)(1), service upon the United States shall be effected:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

---

[1] This matter is properly before this Court pursuant to 28 U.S.C. § 636(c).

>   (C) in any action attacking the validity of an order of an officer or
>   agency of the United States not made a party, by also sending a copy
>   of the summons and of the complaint by registered or certified mail to
>   the officer or agency.

The return of service executed upon Defendant indicates that service was made by certified mail to Mr. John Ashcroft, Attorney General of the United States; however, there is no record of an attempt to effectuate service on a "United States attorney for the district in which the action is brought" or other proper person under Rule 4(i)(1)(A).  (Doc. 4.)  For this reason alone I would deny Plaintiff's Motion.

Moreover, this Motion is denied for Plaintiff's failure to follow the proper procedure to enter a default judgment.  Under FRCP 55, when the United States failed to plead or otherwise defend against Plaintiff's complaint, "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (citing 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2682 (1983)) (cited in *Williams v. Hartz et al.*, CIV No. 02-0996, Doc. 33 at 2 n.3 (D.N.M. Oct. 1, 2002)).

The "Guidelines for Requesting Clerk's Entry of Default," in place since 1994, are available to Plaintiff online at http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html.  The Guidelines explain that the United States District Court for the District of New Mexico requires, as the first step in an application for default, a Praecipe – a form requesting the Clerk to enter default.  Plaintiff did not submit a Praecipe, so the Motion for Entry of Default is procedurally defective.

The Court finds, pursuant to Federal Rules of Civil Procedure 4(i)(1) and 55, that in order to avoid dismissal without prejudice of this action with respect to the Defendant, the Plaintiff should effectuate proper service by **TUESDAY, NOVEMBER 1, 2005**.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default (Doc. 7) is **DENIED**.

.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**